**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Matias Jose SALVATIERRA,**
**Defendant–Appellant.**

No. 07–10226.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed Feb. 26, 2008.

David L. Gappa, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Ann H. Voris, Esq., FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: CANBY, THOMPSON, and M. SMITH, Circuit Judges.

MEMORANDUM *

Matias Jose Salvatierra pled guilty to and was convicted of one count of Receipt

* This disposition is not appropriate for publication and is not precedent except as provided

or Distribution of Material Involving the Sexual Exploitation of Minors *in violation* of 18 U.S.C. § 2252(a)(2) and one count of Possession of Material Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. § 2252(a)(4)(B). Salvatierra appeals his 210–month sentence, arguing that the district court improperly applied a five-point enhancement to his offense level computation under Section 2G2.2(b)(3)(B) of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). Salvatierra also contends that the district court's sentence was unreasonable in light of 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ "This court reviews the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005) (citation omitted). The district court imposed a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) because Salvatierra's offense involved the distribution of child pornography with the expectation of receiving a thing of value. We assume without deciding that a clear and convincing evidence standard is appropriate in this case because the enhancement arguably had " 'an extremely disproportionate effect' " on Salvatierra's sentence. *United States v. Pike*, 473 F.3d 1053, 1057 (9th Cir.2007) (quoting *United States v. Hopper*, 177 F.3d 824, 832–33 (9th Cir.1999)). As the record reveals, the child pornographic images Salvatierra sent from his email account to other consumers of child pornography were accompanied by messages such as "you can pic trade wit [sic]

me," "hope to chat soon and pic trade," and "If *you do* have any [photographs of a particular minor], I'd pay good $ $ $ for them for sure!!! . . . Here are a few sexy ones you might like." Thus, the district court's finding that Salvatierra had an expectation of barter is supported by clear and convincing evidence. *See* U.S.S.G. § 2G2.2(b)(3)(B) appl. n. 1 (" 'Thing of value' means anything of valuable consideration[, including], in a case involving the bartering of child pornographic material, . . . the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received."). The district court did not abuse its discretion in imposing a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B).

■ Furthermore, Salvatierra's 210–month sentence, which lies at the bottom of the Guidelines range calculated in the Presentence Investigation Report, is not unreasonable. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006) (holding that this Court reviews sentences imposed by the district courts for reasonableness in the absence of error in applying the Guidelines). Salvatierra argues that his sentence is unreasonable because the district court failed to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In particular, Salvatierra points our attention to the shorter sentences imposed on two individuals with whom he had corresponded and to whom he had distributed child pornography. In separate proceedings before different district judges, these defendants received 96– and 121–month prison terms, respectively. There is nothing in the record, however, to establish

by 9th Cir. R. 36–3.

that those defendants distributed child pornography with the expectation of gaining a thing of value, thus subjecting them to the five-level sentencing enhancement of U.S.S.G. § 2G2.2(b)(3)(B). The district court also pointed out that Salvatierra's child pornography collection exceeded that of one of the other defendants by a multiple of hundreds. Thus, the sentencing disparity between Salvatierra and the other two defendants does not render Salvatierra's sentence unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

The sentence imposed by the district court is

**AFFIRMED.**